UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

CHRISTINE WINTER,

                Plaintiff,

            v.

NOVARTIS PHARMACEUTICALS CORPORATION,

                Defendant.

**MEMORANDUM & ORDER**
14-CV-2885 (PKC)

----------------------------------------------------------------x

PAMELA K. CHEN, United States District Judge:

      Pending before the Court are the cross letter-motions of Plaintiff and Defendant, respectively. Plaintiff moves to remand this action to state court on the basis that removal was improper because the Court lacks subject matter jurisdiction over this judgment enforcement action. (Dkt. 9.) Defendant moves to dismiss or, alternatively, to deem the underlying judgment satisfied. (Dkt. 8.) Because Plaintiff has not registered the judgment with this Court, the Court lacks subject matter jurisdiction over this removal action, and must remand it to state court.

*BACKGROUND*

      Plaintiff Christine Winter obtained a judgment, following a jury verdict, on April 9, 2012, in the United States District Court for the Western District of Missouri. (Dkt. 8-1.)[1] On February 21, 2014, Plaintiff acknowledged that that judgment was satisfied in the Western District of Missouri. (Dkt. 8-1.) Plaintiff's acknowledgement of judgment, however, provided that "Plaintiff retains all rights to pursue the balance of the domesticated judgment in New York

---

[1] The Court takes the following undisputed facts from the parties' motion submissions (Dkts. 8, 9, 16, 17), Plaintiff's complaint in the underlying state-court action (Dkt. 1-3), and Defendant's removal submissions (Dkt. 1).

state court at the New York post judgment rate of 12% per annum." (Dkt. 8-1 at 1.) Plaintiff registered the judgment in the Supreme Court of New York on January 23, 2014. (Dkt. 1 ¶ 1.) On April 18, 2014, Plaintiff filed an action in the Supreme Court of New York, Kings County, seeking post-judgment interest at the New York statutory rate. (Dkt. 8.) Defendant timely removed that action to this Court on May 7, 2014. (Dkt. 1.) Critically, Plaintiff never registered the judgment with this Court.

On May 14, 2014, Defendant submitted a letter request for a premotion conference seeking permission to move to dismiss this action or to deem the judgment satisfied. (Dkt. 8.) On May 16, Plaintiff moved by letter to remand this action to state court on the basis of lack of subject matter jurisdiction. (Dkt. 9.) The Court held oral argument on the parties' respective motions and ordered the parties to submit additional argument in support of the motions. (*See* June 19, 2014 Minute Entry.) The parties did so, and the motions were fully briefed on July 7, 2014. (Dkts. 16, 17.)

*DISCUSSION*

I. <u>Removal and Subject Matter Jurisdiction</u>

Pursuant to Title 28 U.S.C. § 1441, a defendant may remove a state court action to federal district court in the district embracing the state court in which the action originated where the district court has original jurisdiction over the matter. *See* 28 U.S.C. § 1441(a). In other words, a defendant may remove an action that, in its present posture, *could have been* brought in federal court originally. *See Freeman v. Burlington Broadcasters, Inc.*, 204 F.3d 311, 319 (2d Cir. 2000) (noting that action "could have been brought originally in a district court, and is therefore properly removable") (citing 28 U.S.C. § 1441(a)).

Federal courts are of limited jurisdiction and "possess[] only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citation omitted). In a case removed to federal court from state court, the removal statute is to be interpreted narrowly, and the burden is on the removing party to show that subject matter jurisdiction exists and that removal was timely and proper. *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994); *Wilson v. Rep. iron & Steel Co.*, 257 U.S. 92, 97 (1921). All doubts should be resolved against removability. *Lupo*, 28 F.3d at 274.

A federal court's jurisdiction generally may be predicated upon federal question jurisdiction, codified at 28 U.S.C. § 1331, or diversity jurisdiction, codified at 28 U.S.C. § 1332. In this case, diversity jurisdiction does not lie, as the amount in controversy does not, as a matter of law, exceed the $75,000 threshold. (*See* Dkt. 9 at 1.) Nor does Defendant contend that the amount in controversy meets that statutory requirement. This enforcement action also does not implicate a federal question. The parties point to no federal statute, constitutional question, or treaty that is implicated by this action.

Instead, Defendant asserts that this Court has ancillary jurisdiction over this matter because it involves the enforcement of another federal district court's judgment. (Dkt. 16 at 1.) Ancillary jurisdiction is, of course, a well-recognized exception to a district court's limited subject matter jurisdiction. *See, e.g.*, *Epperson v. Entm't Express, Inc.*, 242 F.3d 100, 104–05 (2d Cir. 2001) (describing ancillary jurisdiction). The Supreme Court in *Peacock v. Thomas*, 516 U.S. 349 (1996) described a district court's ancillary jurisdiction as such: "[A] federal court may exercise ancillary jurisdiction '(1) to permit disposition by a single court of claims that are, in

varying respects and degrees, factually interdependent; and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees.'" *Peacock*, 516 U.S. at 354 (quoting *Kokkonen*, 511 U.S. at 379–80). The first category generally applies to cases in which a plaintiff brings related state law claims in addition to claims over which the court has original jurisdiction. *See* 28 U.S.C. § 1367 (federal supplemental jurisdiction statute) ("the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution").

The second category may be described as "enforcement ancillary jurisdiction." *Epperson*, 242 F.3d at 105. Enforcement ancillary jurisdiction was born of the need for federal courts to enforce their own judgments. *Id.* The Supreme Court, however, has limited enforcement ancillary jurisdiction to rare circumstances. In *Peacock*, the Court stated: "We have reserved the use of ancillary jurisdiction in subsequent proceedings for the exercise of a federal court's inherent power to enforce its judgments. Without jurisdiction to enforce a judgment entered by a federal court, 'the judicial power would be incomplete and entirely inadequate to the purposes for which it was conferred by the Constitution.'" *Id.* at 356 (internal citations omitted). Enforcement ancillary jurisdiction remains a narrow exception to a federal district court's limited subject matter jurisdiction. *See Finley v. United States*, 490 U.S. 545, 551 (1989) (in dicta, describing ancillary jurisdiction as applying in a "narrow class of cases").

Here, Defendant urges the Court to exercise enforcement ancillary jurisdiction over this action on the basis of the Court's alleged inherent jurisdiction to enforce a federal judgment. (*See* Dkt. 16) ("Because plaintiff is seeking to enforce a money judgment rendered by the Western District of Missouri, this Court possesses ancillary enforcement jurisdiction. The

Supreme Court has held that ancillary enforcement jurisdiction exists '*in subsequent proceedings for the exercise of a federal court's inherent power to enforce its judgments.*'") (citing *Peacock*, 516 U.S. at 356). Defendant's argument, however, ignores a critical point.

In all of the cases cited by Defendant, including *Peacock*, the district court was enforcing a judgment *it itself* had entered. It is clear that the reasoning behind ancillary enforcement jurisdiction is to "enable a court to function successfully, that is, to manage *its* proceedings, vindicate *its* authority, and effectuate *its* decrees," not the decrees of other federal courts. *Epperson*, 242 F.3d at 104–05 (citing *Peacock*, 516 U.S. at 354) (emphases added). Nothing in any of the authority cited by Defendant or located by the Court suggests that the purposes behind ancillary jurisdiction extend to judgments rendered by any federal court anywhere in the country.

In fact, 28 U.S.C. § 1963 suggests the opposite. Section 1963 provides, in relevant part:

> A judgment in an action for the recovery of money or property entered in any court of appeals, district court, bankruptcy court, or in the Court of International Trade may be registered by filing a certified copy of the judgment in any other district or, with respect to the Court of International Trade, in any judicial district, when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown. . . . A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.

Section 1963 provides the mechanism by which a district court in one jurisdiction can enforce the judgment issued by a district court in another jurisdiction. The registration requirement in Section 1963 would be superfluous if, as Defendant posits, a district court has inherent authority to enforce the judgment of any other district court. Accordingly, because Plaintiff chose not to register her Western District of Missouri judgment in this district, the Court has no authority to enforce it. *See, e.g.*, *Weininger v. Castro*, 462 F. Supp. 2d 457, 490 (S.D.N.Y. 2006) ("*Upon registration of the judgment*, this Court obtained subject matter jurisdiction over the enforcement

5

proceeding through ancillary jurisdiction to enforce a judgment.") (emphasis added); *Rubin v. Islamic Rep. of Iran*, 06-CV-11053, 2006 WL 2879759, at *1 (D. Mass. Sept. 30, 2006) ("This Court acquired jurisdiction over the present controversy *when the plaintiffs registered here the judgment they had obtained* against Iran in the United States District Court for the District of Columbia.") (emphasis added); *CSX Transp., Inc. v. Filco Carting Corp.*, 10-CV-1055(NGG), 2011 WL 2713487, at *2 (E.D.N.Y. July 11, 2011) ("If the party seeking to enforce a *registered* judgment against a third party[2] can establish federal jurisdiction, 28 U.S.C. § 1963 provides that 'the judgment *so registered* shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner. This means that an out-of-district, *registered* judgment, 'has the same effect, and is entitled to the same protection, as if it had been entered in the registered district in the first instance.'") (emphases added and alterations omitted) (quoting *Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 500 F.3d 111, 121 (2d Cir. 2007)).[3]

Defendant's arguments to the contrary are unavailing. Defendant argues in a footnote that "[t]he fact that this Court did not issue the federal judgment is irrelevant to the jurisdictional inquiry. Federal jurisdiction [with some exceptions] does not turn on the location of the federal court." (Dkt. 16 at 2 n.1 (citing *Weininger*, 462 F. Supp. 2d at 490.) *Weininger*, the only case cited by Defendant on this point, does not stand for that proposition and is otherwise irrelevant.

---

[2] The reference to third parties in that case is of no moment for present purposes. The Court refers to that case for the proposition that registration of a judgment in a foreign district, whether that judgment is against a third party or the same party to the prior action, is a necessity to that court's jurisdiction over the matter.

[3] Indeed, the Eleventh Circuit has suggested that registration under 28 U.S.C. § 1963 alone may not be enough to create subject matter jurisdiction in another district. *See Sephus v. Gozelski*, 864 F.2d 1546, 1548 (11th Cir. 1989) (rejecting argument that subject matter jurisdiction existed where plaintiff had registered the judgment pursuant to 28 U.S.C. § 1963).

6

In *Weininger*, the judgment creditor had *registered* a Florida state court judgment in the Southern District of New York. 462 F. Supp. 2d at 489–90 (emphasis added). As to one judgment-debtor, the district court found that it had jurisdiction over that party because the district court itself had entered a judgment against that party. *Id.* at 489. As to the other judgment-debtor, the district court held that, through the plaintiff's registration of the judgment with the court, it "obtained subject matter jurisdiction over the enforcement proceeding through ancillary jurisdiction to enforce a judgment," *i.e.*, its judgment. *Id.* at 490. In all of the cases cited by the *Weininger* court on this point, and all those cited by Defendant and found by the Court through its own research, the district court had obtained ancillary jurisdiction to enforce a federal judgment in either of two circumstances: (1) the district court itself had entered the judgment; or (2) the plaintiff/judgment-creditor had registered the judgment with the enforcing court. Neither of those circumstances is present here.

Another case cited by Defendant, *CAP Holdings, Inc. v. Connors*, 12-10751, 2012 WL 2721664 (D. Mass. July 5, 2012) is inapposite for similar reasons. In *CAP Holdings*, the district court had entered a judgment in favor of the plaintiff. The new plaintiff, to whom the judgment had been assigned, sought to collect on the judgment in Massachusetts state court. The defendant removed the enforcement action to federal court, to the same court that had issued the underlying federal judgment. *Id.* at *1. The district court reasoned that courts "retain residual federal jurisdiction over post judgment enforcement proceedings flowing from their original jurisdiction over the action" and that, as a consequence, "a federal court's jurisdiction does not end 'by the rendition of its judgment, but continues until that judgment shall be satisfied.'" *Id.* The court then concluded that "[s]ince [plaintiff] is seeking to enforce a federal judgment, this court has jurisdiction over this action." *Id.* Importantly, the court's conclusion that its

7

jurisdiction was based on the enforcement of *a* federal judgment almost certainly was based on the fact that the court itself had issued the judgment. Nothing in the court's holding suggests that the court found it had subject matter jurisdiction over a judgment issued by *any* district court. And more to the point, the court cited no authority for the proposition. Accordingly, the Court finds *CAP Holdings* both unpersuasive and inapposite.

Relying on *Caterpillar v. Williams*, 482 U.S. 386 (1987), Defendant also argues that this action was properly removed because Plaintiff *could have* chosen to register the judgment with this Court, but did not, and that registration therefore is not necessary to render removal proper. (Dkt. 16 at 2 ("That [Plaintiff] elected to register [the judgment] with a state court does not change the fact that this *could have* been done within the federal system, and thus this Court has jurisdiction.") (citing *Caterpillar*, 482 U.S. at 392) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court."). Defendant misapplies *Caterpillar*.

The proper question for the Court in considering whether removal was proper is not whether, given certain hypothetical scenarios, a plaintiff *could have* crafted an action that could have been brought pursuant to the Court's original subject matter jurisdiction. Rather, the question is whether the State court action *as filed* by the plaintiff is one that could have been brought in federal court. *See Caterpillar*, 482 U.S. at 392 n.7 ("Of course, the party who brings a suit is the master to decide what law he will rely upon . . . . Jurisdiction may not be sustained on a theory that the plaintiff has not advanced . . . . The plaintiff may by the allegations of his complaint determine the status with respect to removability of a case.") (internal citations,

quotations, and alterations omitted).[4]  In other words, in deciding whether subject matter jurisdiction exists for a removal action, the Court cannot speculate as to how the case *could have been* brought in State court, but rather how it actually *was* brought in State court.[5]

*CONCLUSION*

For these reasons, the Court finds no basis or legal authority to assert enforcement ancillary jurisdiction over the Western District of Missouri's judgment, which Plaintiff has chosen not to register with this Court, instead seeking to pursue the New York statutory post-judgment interest rate in New York state court.  In the absence of registration pursuant to 28 U.S.C. § 1963, Plaintiff's enforcement action could not have been brought here originally, and the Court lacks subject matter jurisdiction over this removal action.  Accordingly, Defendant's motion to deem the judgment satisfied or to dismiss this action is denied, and Plaintiff's motion to remand this action to state court is granted.  The Clerk of Court respectfully is directed to remand this matter to the state court from which it came and to terminate this action.

SO ORDERED:

 /s/ Pamela K. Chen
PAMELA K. CHEN
United States District Judge

Dated: August 20, 2014
         Brooklyn, New York

---

[4] Properly read, *Caterpillar* supports the remand of the instant action.  Under *Caterpillar*, if a state court complaint fails to state a claim over which this Court would have had jurisdiction if brought in federal court, the case should be remanded.  As previously discussed, this Court would not have had jurisdiction over Plaintiff's state court claim to collect New York State pre-judgment interest on the Western District of Missouri judgment, or to enforce that district's judgment absent registration under Section 1963.

[5] A plaintiff may not, however, defeat removal by "artfully pleading" claims by omitting necessary federal questions.  *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998).  There is no suggestion that Plaintiff has done so here.